IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **MIDWEST FAMILY MUTUAL INSURANCE COMPANY,** ) ) ) | |
| Plaintiff, ) | No. 2:25-cv-02161-STA-cgc |
| v. ) ) | |
| **DAY AND NIGHT SOLAR, LLC and REVERAND ROBERT EATON,** ) ) ) | |
| Defendants, ) ) | |
| **REV. PEARCE EWING ET AL.** ) ) | |
| Intervenors. ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE (ECF NO. 35)**
**ORDER SETTING ASIDE DEFAULT**
**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS MOOT**
**(ECF NO. 20)**

Before the Court is Plaintiff Midwest Family Mutual Insurance Company's ("Midwest Family") Motion for Default Judgment (ECF No. 20) and Motion to Strike (ECF No. 35). After Plaintiff obtained entry of default against Defendants Day and Night Solar, LLC and Reverend Robert Eaton and then filed its Motion for Default Judgment, Defendants filed an Answer (ECF No. 30) to Plaintiff's Complaint. Plaintiff now asks the Court to strike the Answer. Defendants have responded in opposition to the Motion to Strike. For the reasons set forth below, the Court sets aside the default. As such, the Motion to Strike is **DENIED** and the Motion for Default Judgment is **DENIED** as moot.

1

## BACKGROUND

Midwest Family filed this declaratory judgment action, seeking a declaration about its coverage obligations under a policy of insurance issued to Defendants Day and Night Solar, LLC and Reverend Robert Eaton.[1] *See* Compl. for Decl. J., Feb. 13, 2025 (ECF No. 1). More specifically, Midwest Family seeks a judgment that "the claims asserted in a lawsuit, *In Re: AME Church Employee Retirement Fund v. Day and Night Solar, LLC et al.*, Case No. 1:22-md-03035-STA-jay ('Underlying Lawsuit'), do not trigger coverage under MFM Policy No. CPIL0560128216, effective 4/01/2024 to 04/01/2025 issued to Day and Night Solar, LLC." *Id.* ¶ 2. The "Underlying Lawsuit" referenced in Midwest Family's Complaint is multidistrict litigation ("the MDL") pending before this Court since 2022. As part of the MDL, Reverend Pearce Ewing, Reverend Charles R. Jackson, Presiding Elder Cedric V. Alexander, Reverend Derrell Wade, Reverend Reuben J. Boyd, Presiding Elder Phillip Russ, IV, Lynette Glenn in her capacity as Guardian of Reverend Marcius King, Reverend Matthew Ewing, Candace L. Carmichael in her capacity as Administrator of the Estate of A. Offord Carmichael, and Reverend Diane Conley (collectively, "the AMEC MDL Plaintiffs") allege claims individually, on behalf of a class of similarly situated individuals, and derivatively on behalf of the retirement plan, for the recovery of losses to the African Methodist Episcopal Church's church-sponsored employee retirement plan. The AMEC MDL Plaintiffs would hold Day and Night Solar, Eaton, and others liable for the losses.

Midwest Family filed its Complaint and caused summons to issue on February 13, 2025. According to separate affidavits of service, Midwest Family served each Defendant on March 4,

---

[1] The pleading names Eaton as "Reverand Robert Eaton." Due to misspelling the word "Reverand," the possible misnomer of Eaton as clergy, and for the sake of clarity, the Court refers to Defendant simply as Eaton.

2025. *See* Affidavits of Service, Mar. 10, 2025 (ECF Nos. 14, 15). When neither Defendant answered the Complaint or otherwise took action to appear and defend itself, Midwest Family filed a motion for entry of default (ECF No. 16) on April 24, 2025. The Clerk of Court entered default against Day and Night Solar (ECF No. 18) and Eaton (ECF No. 19) on April 29, 2025. The case was transferred to the undersigned for all further proceedings on June 6, 2025. The Court set a hearing on Midwest Family's motion for default judgment for June 26, 2025, to coincide with a status conference in the MDL. Although the motion hearing did not proceed as scheduled, counsel for the AMEC MDL plaintiffs addressed the Court and requested permission to file a motion to intervene in this matter. While the parties were briefing the request to intervene, Day and Night Solar and Eaton filed their Answer to Midwest Family's Complaint.

      Midwest Family argues in its Motion to Strike that the Court should strike the Answer pursuant to Federal Rule of Civil Procedure 12(f). Day and Night Solar and Eaton filed their pleading far outside of the deadline to do so. Midwest Family argues that Defendants should be required to meet Rule 6(b)'s excusable neglect standard to show why the Court should extend the time for their Answer. Defendants also failed to move for an extension of their pleading deadline. Furthermore, Day and Night Solar and Eaton are already in default. Defendants therefore must show cause as to why the Court should set aside the default before they can properly file a responsive pleading. Permitting Defendants to answer without first making these showings will prejudice Midwest Family. Midwest Family has incurred the expense of providing a defense to Day and Night Solar and Eaton in the MDL. Finally, Midwest Family argues that Defendants have failed to assert a meritorious defense to show why Midwest Family's policy of insurance afford either of them any coverage for the claims made against them in the MDL. For these reasons

Midwest Family asks the Court to strike the pleading and proceed with a determination of Midwest Family's Motion for Default Judgment.

Day and Night Solar and Eaton have responded in opposition to the Motion to Strike. Defendants answer that the Court should accept their responsive pleading, extend their pleading deadline retroactively to the date they actually filed their Answer, and allow the case to proceed on the merits. In Defendants' view, Midwest Family's Complaint presents a justiciable controversy over whether the policy covers any of the allegations against Day and Night Solar and Eaton in the MDL. And since the Court has granted the AMEC MDL Plaintiffs and AMEC itself leave to intervene in the case, even more parties have a stake in the outcome of the declaratory judgment action. Defendants ask the Court then to deny the Motion to Strike and allow the case to proceed on the merits.

## STANDARD OF REVIEW

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The language of Rule 12(f) is permissive and not mandatory. The Sixth Circuit has stated that Rule 12(f) motions to strike "are viewed with disfavor and are not frequently granted." *C.S. v. McCrumb*, 135 F.4th 1056, 1068 n.10 (6th Cir. 2025) (quoting *Operating Eng'rs Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015)). A motion to strike serves the purpose "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with" them early in the case. *G & W Const.*, 783 F.3d at 1050 (citing *Kennedy v. City of Cleveland,* 797 F.2d 297, 305 (6th Cir. 1986)). As such, a court should grant a motion to strike "if it appears to a certainty that [the moving party] would succeed despite any state of the facts which could be proved in support of the [claim for relief or] defense and are

4

inferable from the pleadings." *Id.* (citing *Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir. 1991)). Generally, "courts should not tamper with the pleadings unless there is a strong reason for so doing." *City of New York v. Fedex Ground Package Sys., Inc.*, 314 F.R.D. 348, 354 (S.D.N.Y. 2016) (citing *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)).

## ANALYSIS

The Court holds that Midwest Family has not satisfied the elevated standard to strike Defendants' Answer. Plaintiff's Motion to Strike does not actually test the sufficiency of the pleadings. Midwest Family argues instead that Defendants filed their Answer outside of the deadline for responsive pleadings and after Midwest Family had already obtained entry of default. Midwest Family takes the position that Defendants should not be able to file their pleading until they have first filed a motion to set aside the default against them and shown excusable neglect for their failure to meet the deadline to file a responsive pleading. The Sixth Circuit has held, however, that "an answer or other opposition to a motion for default may be treated as a motion to set aside entry of default." *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983). Rather than striking the Answer, the Court construes it as Defendants' request to set aside the entry of default.

Rule 55(c) of the Federal Rules of Civil Procedure allows a district court to set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). To determine whether good cause exists, courts weigh three equitable factors: (1) whether the defendant's culpable conduct led to the entry of default; (2) whether the defendant has a meritorious claim or defense; and (3) whether the plaintiff would be prejudiced if default was set aside. *Courser v. Allard*, 969 F.3d 604, 624 (6th Cir. 2020) (citing *Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006)). "[T]he court may refuse to set aside a default, where the defaulting party has no meritorious defense, where the

default is due to willfulness or bad faith, or where the defendant offers no excuse at all for the default." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194-95 (6th Cir. 1986).  Nevertheless, "[b]ecause trials on the merits are favored in federal courts, any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Courser*, 969 F.3d at 624 (cleaned up).

Here, the Court finds that the balance of these factors weighs in favor of setting aside the default. First, Defendants have offered no explanation for their failure to meet the pleading deadline.  The Court has no way to determine then whether their default was the result of culpable conduct on Defendants' part or simple negligence.  Culpable conduct includes any "intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 844 (6th Cir. 2011).  By contrast, "mere negligence or failure to act reasonably is not enough to sustain a default."  *United States v. $22,050.00 in U.S. Currency*, 595 F.3d 318, 327 (6th Cir. 2010).  Without an explanation for their failure to appear and defend against Midwest Family's Complaint sooner, the Court finds that this factor weighs against Plaintiffs' request to set aside the default.

The remaining equitable factors, Defendants' meritorious defense and a lack of prejudice to Midwest Family, weigh in favor of setting aside the default.  A meritorious defense raises "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *$22,050.00 in U.S. Currency*, 595 F.3d at 326 (quoting *Burrell*, 434 F.3d at 834).  The Sixth Circuit has held that a defense need only be "good at law" and present only "a hint of a suggestion which, proven at trial, would constitute a complete defense." *Id.* (citing *Williams v. Meyer,* 346 F.3d 607, 614 (6th Cir. 2003)).  Defendants have shown "a hint of a suggestion" that they have a meritorious defense to Midwest Family's declaratory judgment claim, namely, that the

acts or omissions alleged against Day and Night Solar and Eaton in the MDL are covered "accidents" or "occurrences" under the Midwest Family policy. Without deciding whether the defense has merit, the Court can easily find that the defense raises a "hint of suggestion" of merit.

As for prejudice, Midwest Family has not shown how setting aside the default will cause it to suffer any prejudice. A plaintiff opposing the setting aside of a default must show that a defendant's delay has resulted in one of the following: "loss of evidence, create[d] increased difficulties of discovery, or provide[d] greater opportunity for fraud and collusion." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987). Midwest Family cites its costs in providing Day and Night Solar and Eaton with a defense in the MDL and the continued costs of litigating the declaratory judgment action. Standing alone, however, delay or the increased costs of litigation do not suffice to establish prejudice. *Childress*, 663 F.3d at 842. Even assuming Defendants' default has occasioned some delay in the orderly progress of the case, there is no indication to the Court that Defendants' default has resulted in any prejudice to Midwest Family or its claim for a declaratory judgment.

## CONCLUSION

Having considered each of the relevant factors and resolving any doubt in favor of proceeding on the merits, *Courser*, 969 F.3d at 624, the Court holds that the balance of the factors weighs in favor of setting aside the default. Therefore, Midwest Family's Motion to Strike is **DENIED**. The Court hereby sets aside the Clerk's entry of default against Day and Night Solar and Eaton. Midwest Family's Motion for Default Judgment is **DENIED** as moot.

**IT IS SO ORDERED.**         s/ S. Thomas Anderson
                              S. THOMAS ANDERSON
                              UNITED STATES DISTRICT JUDGE

                              Date: November 4, 2025.